IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| RUSSELL WILLETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-3186-CV-S-BP |
| ) | |
| MERCY HOSPITAL ) | |
| SPRINGFIELD, et al. ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Plaintiff brings this pro se medical malpractice claim against Mercy Hospital Springfield and Dr. Chiazo Amene. (Doc. 3.) Plaintiff's claims arise from back surgery after a car accident in June 2015. Plaintiff alleges that he had multiple surgeries to correct misplaced rods in his back and an infection.

Pending is Defendants' Motion to Dismiss based on Plaintiff's failure to file a medical affidavit in compliance with section 538.225 of the Revised Missouri Statutes.[1] (Doc. 19.) Section 538.225 requires that a health care affidavit "shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days." Mo. Rev. Stat. § 538.225.5. Thus, the statute imposes an "absolute 180-day limit" for filing a medical affidavit. *J.K.M. v. Dempsey,* 317 S.W.3d 621, 628 (Mo. Ct. App. 2010). "If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against

---

[1] Also pending is Defendants' Motion to Dismiss for Failure to State a Claim. (Doc. 13.) The Court believes it is likely that Plaintiff's Complaint taken together with Plaintiff's response to an order to show cause, (Doc. 17), were sufficient to withstand Defendants' Motion to Dismiss for Failure to State a Claim, but there is no need for the Court to address this issue. Defendants' Motion to Dismiss for Failure to State a Claim is moot in light of the Court's decision in this Order.

such moving party without prejudice." Mo. Rev. Stat. § 538.225.6. "When a statute mandates that something be done by providing that it 'shall' occur and also provides what results 'shall' follow a failure to comply with the statute, it is clear that it is mandatory and must be obeyed." *SSM Health Care St. Louis v. Schneider*, 229 S.W.3d 279, 281 (Mo. Ct. App. 2007). The trial court is required to dismiss the case if the plaintiff does not file the affidavit within the statutory time period. *Gaynor v. Washington Univ.*, 261 S.W.3d at 652-53 (Mo. Ct. App. 2008).

On October 31, the Court ordered Plaintiff to show cause by November 14 why Defendants' Motion to Dismiss should not be granted. (Doc. 20.) On November 13, Plaintiff filed a third motion for appointment of counsel, but did not otherwise respond to the Court's order. (Doc. 21.) On November 22, the Court declined Plaintiff's request for appointment of counsel. (Doc. 22.) In the same Order, the Court also exercised its discretion under Mo. Rev. Stat. § 538.225(5) to extend the time for Plaintiff to provide a medical affidavit as required by Mo. Rev. Stat. § 538.225. The Court warned: "Plaintiff shall have until December 19, 2017 to provide the medical affidavit; otherwise the Court will have no other option but to dismiss this case without prejudice." (Doc. 22.) On December 19, Plaintiff filed an "Authorization to Disclose Health Information." (Doc. 23.) The Court has reviewed the document and it is not a medical affidavit.

The lawsuit was filed 194 days ago and there is no medical affidavit. This well exceeds the 180 day deadline for submitting a medical affidavit. Thus, Defendants' Motion to Dismiss, (Doc. 19), is **GRANTED**. Plaintiff's action is dismissed without prejudice.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
DATE: January 3, 2018          UNITED STATES DISTRICT COURT